IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DENNIS LEE HOHOL,

                                                  ORDER

              Petitioner,

                                              14-cv-81-bbc

   v.

MICHAEL DITTMAN and LLOYD CARTER,

             Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se prisoner Dennis Lee Hohol has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which he challenges a decision to deny his request for parole in 2011. He has paid the $5 fee, so his petition is ready for screening in accordance with Rule 4 of the Rules Governing Section 2254 Cases. Under that rule, I must dismiss the petition if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief.

      Petitioner attaches the decision of the Wisconsin Court of Appeals, which denied his appeal for various procedural reasons. First, the court stated that his brief "is so lacking in organization and substance that his arguments are incomprehensible." Second, the court stated that his petition in the trial court was untimely under Wis. Stat. § 893.735(2) because he filed it more than 45 days after the decision he was challenging. Third, petitioner filed his petition in the wrong county. Fourth, he named the wrong respondents in his petition.

1

Generally, a federal court may not reach the merits of a habeas claim if the state court dismissed the claim on a state procedural ground independent of the federal question and adequate to support the judgment. Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004); Moore v. Bryant, 295 F.3d 771, 774 (7th Cir. 2002); Chambers v. McCaughtry, 264 F.3d 732, 737-38 (7th Cir. 2001). To overcome the general rule, a petitioner must show (1) cause for the default and actual prejudice from failing to raise the claim as required or (2) that enforcing the default would lead to a "fundamental miscarriage of justice." Steward v. Gilmore, 80 F.3d 1205, 1211-12 (7th Cir. 1996) (quoting Wainwright v. Sykes, 433 U.S. 72, 87 (1977)). In this case, petitioner does not attempt to show that he had cause for failing to comply with the rules and he has made no showing of a miscarriage of justice.

In any event, I see no merit to the petition. Although it is difficult to understand the scope of petitioner's claims, he seems to be arguing that he should have received counsel and a full court trial before the commission made a decision about his parole. In addition, I understand him to be saying that the parole commission denied him parole because he refused to admit guilt for his crime.

It is well established that prisoners seeking parole do not have the same rights as an accused in a criminal trial, which includes the right to counsel or a full trial. Grennier v. Frank, 453 F.3d 442, 444 (7th Cir. 2006); Ganz v. Bensinger, 480 F.2d 88, 90 (7th Cir. 1973). In fact, prisoners in Wisconsin do not have a right to *any* process with respect to a parole decision until they reach their mandatory release date, Felce v. Fiedler, 974 F.2d 1484, 1491-92 (7th Cir.1992), and petitioner does not allege that he has reached that date.

It is also well established that officials may consider a prisoner's refusal to accept responsibility for his crime in making early parole decisions. McKune v. Lile, 536 U.S. 24, 44 (2002)("States may award good-time credits and early parole for inmates who accept responsibility."); Pettigrew v. Frank, 3:07-CV-00690-BBC, 2008 WL 4265327 (W.D. Wis. Jan. 28, 2008); State ex rel. Warren v. Schwarz, 219 Wis. 2d 615, 634, 579 N.W.2d 698, 707 (1998).

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. For the reasons stated above, reasonable jurists would not debate the decision that Hohol's petition should be denied. Therefore, no certificate of appealability will issue.

ORDER

IT IS ORDERED that

1. Dennis Lee Hohol's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. Petitioner is DENIED a certificate of appealability. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22

Entered this 17th day of March, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge