United States Court of Appeals Seventh Circuit

Dennis Lee Hohol,

        Petitioner,      14-cv-81-bbc

                             Redress and/or Appealability
                             Rights

v.

                             U.S.C.A. — 7th Circuit
                             RECEIVED

Michael Dittmann, and Floyd Carter,   MAR 28 2014 DDS

        Respondents.            GINO J. AGNELLO
                                        CLERK

---

The original heading read as follows, not as at Id.

---

Dennis Lee Hohol,

        Petitioner,      case #2012AP846

v.

Michael Dittmann-Warden; Floyd Carter-ADA of Waukesha County Court; and
   the State and et al.,

        Defendants-Respondents.

---

    Pro Se prisoner Dennis Lee Hohol had filed a petition for a writ of habeas corpus under 28 U.S.C. §2254, which Hohol challenges a decision by the Wisconsin Appeals Court, that denied his request for parole on May 10, 2011 and also the denial and Quashing of the Wisconsin Attorney General OFFICE.

1

United States District Court Western District of Wisconsin
..........................................................................

Dennis Lee Hohol,

    Petitioner,     14-cv-91-bbc

              Redress and/or
    v.          Appealability rights

Michael Dittmann, and Floyd Carter,

    Respondents.
..........................................................................

  The original heading read as follows, not as at id.
..........................................................................

Dennis Lee Hohol,

    Petitioner,

    v.

Michael Dittmann, Warden; Lloyd Carter-ADM OF Waukesha County Court; and the State and Et Al.,

    Defendants-Respondents.

..........................................................................

  PRO Se prisoner Dennis Lee Hohol had filed a petition for a writ of habeas corpus under 28 U.S.C. §2254, which Hohol challenges a decision by the Wisconsin Appeals Court, that denied his request for parole on May 10, 2011 and also the denial and Quash, of the Wisconsin Attorney General Office.

1

Plaintiff Hohol is challenging the deficient decisions made by the Wisconsin Attorney General Office; the U.S. District Court Western District of Wisconsin, case 14-cv-81-bbc, dated March 17, 2014, with a decision to deny the Habeas Corpus filed by Hohol being are the deficient statements and the remarks of correction by Plaintiff Hohol:

Under par.(2)-Page 1, of the court's denial decision, it is written that by the incorrect, perjured response from the Attorney General Office, then related to the Wisconsin Appeals Court, that Hohol's brief, "is so lacking in organization and and substance that his arguments are incomprehensible.

Note:
This was totally absurd, as the indigent inmate, briefed, as a Pro Se plaintiff, as well as he could, because of the denial of an attorney for his first Appeal rights, that started with Waukesha County Court System, being denied a habeas corpus and indigency; then to Waushara County Court System, being not denied by that court, because this court did not refuse the case, but in return charged Hohol $129.50 for the filing fee from Hohol's release account at Redgranite Correctional Institution without the proper signed disbursement form per the prison, being there was no signature to pay this money besides Hohol was declared indigent, the denial from the public defender's office, denial from the Appellate Court for an appointment of an attorney and then A DENIAL FROM THE Wisconsin Supreme Court.

As written at Id., the court has, if not realized what they stated in plaintiff Hohol's defense of the incorrect legal term used as to discredit any inmate, is that the appeals court stated, "It was so lacking in organization and being incomprehensible", "is well documented that plaintiff Hohol, indeed did need professional attorney help but was denied as explained at Id.

Plaintiff Hohol was denied any evidentiary hearings that are provided under due process and the U.S. Constitution & Wisconsin's Constitution.

Statement by the Appeals Court,"As the court stated that Hohol's petition in the trial court was untimely under Wis.Stat. §937.35(2) because Hohol filed it more than 45-days after the decision Hohol was challenging."

Note:

The record does not describe just what challenge that Hohol failed to file after the challenging decision. Was it the Parole decision,the Waukesha County Court decision to deny Hohol his habeas corpus petition and demanding that Hohol had to pay the court $169.50 filing fee before Hohol could proceed.The indigency filing petition was also denied by the court?

Or was it the decision that the Wisconsin Attorney General Office,after a six month delay on their part decided toQuash Hohol's habeas corpus for which was related to the Waushara County Court being in turn this court agreed to the Quashing.

Note: THIS was after collecting the filing fee from Hohol, in the amount of $129.59.Hohol calls this illegal entrapment of the justice system.

Hohol has supplied the Attorney General Office;the Waushara County Court; the Appeals Court and review to the Wisconsin Supreme Court copies of all communications to the Waukesha County Court of the parole grievance because they refused to correct the improper language stated as that court supplied to Dodge Correctional Institution when Hohol was transferred to the prison on 12-17-2002 from Waukesha County Court.Dodge employees used wording from the alleged plaintiff complaint in case oocf630 and joinder case 01-cf-380 instead of what the Waukesha Trial Court reported in its filing of the Judgment of conviction dated 10-31-2002.

It is written that petitioner filed petition in the wrong county.

Note:

This statement was/is false because the original court being Waukesha County,was notified by plaintiff Hohol right after the May 10,2011 parole decision that was made to Hohol and refusing argument by parole record,was because of the wording   3

listed on their record sheet that contained false, purjured issues for which Hohol disputed and then the issue that Hohol would not admit that he was guilty of the crimes listed on parole record, the parole person would provide Hohol with a 48-month refer because of his denial of his crime(s).

Since the arrest of July 19, 2000, Hohol has proclaimed his innocence from a bench trial, to this very day of 03-22-2014 and is still pursuing his legal rights as to his innocence of all alleged crimes listed against the plaintiff, being Hohol and to gain a new trial or be exhonerated because of illegal wrongdoings by the justice system.

Because of the Waukesha County Court denial of Hohol's, then Habeas Corpus petition and because Hohol could not pay the $169.50 filing fee required by that court, to continue the motion/Petition.

Then it is when Hohol filed a Habeas Corpus Petition in Waushara County Court because Hohol was a 4-year resident of Waukesha County, being imprisoned in Redgranite Correctional Institution for which is in Waushara County as designated by law and statues.

Hohol named the wrong respondents in his petition per Attorney General Office and Appeals Court.

Note:    This statement was totally incorrect by the Appeals Court, as Warden Michael Dittmann, M#Myn Carter, ADA of Waukesha County Court; the State and ET AL; and not what was listed on the U.S. District Court decision dated 03/17/2014 as Michael Dittmann and Lloyd Carter as defendant's- Respondents.

Page 2 Par.1

As noted "to overcome the general rules petitioner must show (1) cause for the default and actual prejudice from failing to cause the claim as required or (2) that enforcing the default would lead to a "fundamental miscarriage of justice but stated

4

was that petitioner does not attempt to show that he had cause for failing to comply with the rules and Hohol has made no showing of a miscarriage of justice.

Note:

This at Id., is false because Hohol did answer with all copies and letter of issues to the Appeals Court and Hohol could not send his copies of his review and redress that was sent to the Appeals Court or to the U.S.district because 28 U.S.C. §2254 for habeas corpus stated, do not send legal material until requested.

At this time, maybe Hohol will get an evidentary hearing so he could produce what he issued to the Appeals Court and Wisconsin Supreme Court, by, was not adhered to by the decision of the U.S. District Court dated 03/17/2014 per bbc.

IT WAS PRINTED, "Parole commission denied Hohol parole because he refused to admit he was guilty for his crime(s).

Page 2 Par.2

IT' is well established that prisoners seeking Parole <u>do not</u> have the same rights as an accused in a criminal trial.

NOTE:

There is a false statement, of inmates have every legal right/recourse to have parole as an accused, because this would violate due process and constitutional rights regarding criminal inmates, thus making an accused legal but not in a parole issue of law.

Prisoners seeking parole, have no rights to a counsel or a full trial.
Note: This is falsely stated.

Then it was stated that Prisoners in Wisconsin <u>do not</u> have a right to any process with respect to a parole decision, until they reach their Mandatory release date.
Note: This is a deficiency stated issue so as to reference to Page 1, Par.2, for which is a falsely stated comment.

5

Page 3 Par.1:

Statement made: "It is also well established that officials may consider a prisoner's refusal to accept responsibility for his/her crime(s) in making early parole decision. How can an inmate accept responsibility, when the inmate has since trial date of Judgment of Conviction dated 10/31/2002 to present date of March 22, 2014, has/is proclaiming his innocence and is still in legal process of proving his innocence but no Court will allow Hohol to prove that assect of that issue.

Page 3 Par.2:

To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a Constitutional right. 28 U.S.C. §2253(c)(2);

Plaintiff Hohol, has repeatedly made with documents to the Waushara County Court; Waukesha County Court; Wis. Appeals Court, Wis. Supreme Court and now the U.S. Dist. Court but it is stated at Id., that Hohol never adhered to this legal issues at Id., but he has done so and is denied by the U.S. Dist. Court, on March 17, 2014.

I have presented my Redress issues being of proper legal material means of presentation for which under the Perjury law, I have not in any produced any false information in this Redress Petition to any court or any other ageny.

x _Dennis Lee Hohol_
Dennis Lee Hohol #436152

Arguments to the Court's denial of a Habeas Corpus Petition

1. Page one: The court has not listed the proper heading of the petition regarding Parole Denial.

The correct heading is as follows:

Dennis Lee Hohol, plaintiff

v.

Michael Dittman,Warden, Waushara County Court-Judge Honorable Guy D. Dutcher; A.D.A. Floyd of Waukesha County;State of Wisconsin,Et Al.,- Defendants-respondents. Dated 01/28/2013

2. Page 2 Par.2:

There indeed was perjured statements regarding the Attorney General Office to Hohol's petition for denial of Parole and the contents of incorrect information listed as to illegally hampers Hohol's due process and constitutional rights.

3. Page 2 Par.4:

Hohol was lacking organization and being incomprehensible but on Page 2 Par.1,noted is that Hohol failed to overcome general rules but at Id.,he was incomprehensible.

If this was true,then Hohol was an incompetent indigent inmate,incarcerated in porison but was still denied an attorney at all levels of the legal process.

See Page 2 Par.2: The court states that Hohol has no rights to an attorney to a Parole but still the court condemns Hohol for not being in proper legal asspect(?): It is also stated that Hohol failed in numerous areas of his incoherent issues presented but again still condemns him as being incomprehensible.(?)

The red flag should have been raised as to this indigent inmate that has no legal knowledge,so we can deny what his petition is trying to accomplish in true spirits. A denial of due process and his constitutional rights to fair representation.

4. Page 1 Par.2:

Hohol was untimely in filing,past 45-days.

There is now a great deficiency in the court's decision because on Page 2 Par.3,being stated that Hohol was to wait till his mandatory release date, to file his Habeas Corpus.This would be absurd because the first Parole hearing was May 10,2011 and Hohol's MR would be 2037.This would then be too moot in time to complain what happened 26 years earlier.(?)

7

5. Then there is the statement by the court that Hohol was in the wrong court and county. If this was legally correct, why didn't the Attorney General Office, tell Waushara County that the petition was in the wrong court in its letter to Quash the Habeas Corpus of Hohol in January of 2013?

Yes, if this was improper, why did the Waushara Court approve Hohol's Petition for Habeas Corpus, then take $129.50 out of Hohol's release account in full without a proper Redgranite Prison disbursement form #DOC-184, after being approved as being indigent, then lead Hohol to a Wisconsin Appeal Court, then review to Wisconsin Supreme Court, with a denial to hear and then to the U.S. District Federal Court at Id., of their decision, then the court desides that this was all illegally done.

Where is my refund of the filing fee of $129.50 that was illegall extorted. This is a case of fraudulent representation on behalf of the courts involved and a violation of Hohol's due process and constitutional rights.


6. Hohol proclaimed that from the date of Parole denial, 05-10-2011, Hohol would indeed started legal action to protest his rights to wrongs adhered to him.


7. Page 2: It was printed, "Parole commission denied Hohol Parole as he refused to admit guilt for his crimes." Hohol's rights under due process and his constitutional rights, prevent Hohol under the 5th Amendment to not incriminate himself as to admitting guilt when he is legally, still arguing his case of innocence to the courts. This is a violation to Hohol's rights to require this absurd ruling by any court, to take away a person's constitutional rights in this manner.


8. Plaintiff Hohol has a constitutional right to obtain a certificate of appealability beause Hohol has presented denials of constitutional rights violations under U.S.C. §2253(c)(2).


10. Hohol has legal rights to evidentiary hearings to present his supportive documents.

9

11. Hohol has under the 6th Amendment, which secures to criminal defendants, the right to be tried by an impartial jury drawn from sources reflecting a fair cross section of the community.

See Duren V. Missouri, a 6th Amendment plea <u>is not</u> a rejection issue per clearly established law. U.S.C.S. DECISION UNDER THE Antiterroism and Affective Death Penalty Act of 1996, Codified in 28 U.S.C.S. §2254(d) resulted in a decission that was based on an unreasonable determination of the facts in light of the evidence presented in the state courts proceeding unless the state's adjudication resulted.

12. under the 14th Amendment, the violations by refusing to conduct more frequent parole hearings as purportedly required by law.

13. In Conlet V. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 2d L.ED. 80 (1957); A complaint will not be dismissed for failure to state CASE it appears beyond doubt that the plaintiff can prove no set of facts in support of his/her claim, who's would entitle him/her to relief. See Jenkins V. McKeithen, 395 U.S. 411, 421-22, 995 S.Ct. 1843, 23 L.ED. 404 (1969); Westlake V. Lueus, 537 F.2d 857 (6th Cir. 1976).

14. A liberty interest exists only where a plaintiff has a legitimate entitlement to release on Parole. See Board of V. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.ED. 2d 58 (1972); Middleton V. McGinnis, 860 F.Supp. 391, 393 (E.D. Mich. 1994); Berryman V. Cabry, 1995 U.S. Dist. Lexis 22721.

Hohol's rights were violated as to the issues listed at Id.

15. The Appeal in Hohol's cases were not dismissed as SUA SPONTE for lack of jurisdiction and this was not adhered to Hohol's cases.

16. There was no chairperson at the time of Hohol's 05-10-2011 Parole hearing and this position was not filled by Governor Walker until June of 2011 being no chairperson that could sign Hohol's denied parole decision.

Statutes used by the State, Federal Court and in Bohol's Redress

1. §5.3 - Due process:

2. §8.66 - Charges to charges filed:

3. §9.01 - Burden of proof:
4. §11.5 - Evidentiary hearings:

5. §11.6 - Statute and constitutional rights:

6. §11.14 - Lack of jurisdiction:

7. §11.20 - Defective preliminary hearing:

8. §11.45 - Evidentiary privilege:

9. §14.14 Delay after complaint filed:

10. §15.2 - Jurisdiction and venue:

11. §16.24 - 5th Amend. and Baker Rule:

Per Bohol:                              Page #'s                                              Page #'s
12. 28 U.S.C. §2254                     1,5         23. §227.10(2) & §227.10(3)(C)           13
13. 28 U.S.C. §2254(4)                  9           24. 28 U.S.C. §1915(A)(3)                15
14. 28 U.S.C. §2253(c)(2)               6,8,17     25. §940.22                               15
15. 28 U.S.C. §1915(B)(4)               18          26. §943.20(1)(A)                        15
16. 28 U.S.C. §2254(D)                  9           27. Act 28 & 38                          17

17. 893.735(2)                          16
18. Civil Procedure 54(C)               15

Federal Statutes used:
19. 28 U.S.C. §2254                     1,5
20. 937.35(2)                           3
20.
21. 59e in 7th Cir.Ct. Schepers v. Comm'r  13
22. Rule 11(B)
                                        13

Cases used by the State, Federal and Kohol in their presented issues

| | Page #'s |
|---|---|
| 1. Court decision Page 2 Par.3: Gremler V. Frank, | |
|     55 F.3d 442,444 (7th cir.2006); | 16 |
|     Gunn V. Bensinger, | 16 |
|     480 F.2d 85,90 (7th cir.1973); | |
| 2. Felce V. Fiedler, | |
|     97 F.2d 1484,1491 (7th cir.1992; | 16 |
| 3. McKune V. Lile, | |
|     536 U.S.24,44 (2002); | 16 |
| 4. Pettigrew V. Frank, | |
|     3:07-CV-00690-BBC,2008 WL 4265327 (W.D. Wis. Jan.28,2008; | 16 |
| 5. State ex rel. Warren V. Schwarz, | |
|     219 Wis. 2d 615,634,579 N.W.2d 698,707 (1998); | 16 |
| 6. Leonard V. Droeke, | |
|     542 U.S.274,282 (2004); | 17 |
| 7. Miller-El V. Cockrell, | |
|     537 U.S.322,336 (2003; | |

In Plaintiff Kohol's Redress Cases Used

| | |
|---|---|
| 8. Duren V. Missouri, | 9 |
|     439 U.S. 357,364,99 S.Ct.664,58 L.Ed.2d 579; | |

Page 9;

11

cont. cases

|  | Page #'s |
|---|---|
| 9. Conlet V. Gibson,<br>355 U.S.41,45-46,78 S.Ct.2d L.Ed.80 (1957); | 9 |
| 10. Jenkins V. McKeithen,<br>395 U.S.411,421-22,895 S.Ct.1843,23 S.Ct.404 (1969); | 8 |
| 11. Westlake V. Pueus,<br>537 F.2d 857 (6th Cir.1976; | 9 |
| 12. Parole Board of V.Seth,<br>08 U.S.564,577,92 S.Ct.2701,33L.Ed.2d 58 (1972); | 9 |
| 13. Middleton V. McGinnis,<br>860 F.Supp.391,393 (E.D. Mich.1994); | 9 |
| 14. Barryman V. Gabry,<br>1995 U.S.Dist. Lexis 22721; | 9 |
| 15. Cook V. Baldera,<br>2009 U.S. Dist. Lexis 55494); | 15 |
| 16. Carpenter V. County of Dane,9 Wis.274 (1859). | 14 |
| 17. Powell V. Alabama,<br>287 U.S.45,53 S.Ct.55,77 L.Ed. 158 (1932). | 14 |
| 18. State ex rel. Bleser,2d 702,295 N.W.2d 179,181 Wis.Ct.App.1980) | 15 |
| 19. Jenkins V. McKeithen,395 U.S.411,421,89 S.Ct.1843,23 L.Ed.2d 404 (1969) | 9,15 |
| 20. State V. Iowa Dist. Court,<br>801 N.W.2d 513,2011 Iowa Sup. Lexis 47 | 17 |
| 21. State V. Johnson | 14 |

59e is a Motion that enables a District Circuit Court to correct its own Records of deficiencies. See 7th Circuit Court in Schepers V. Comm'r that an "in cited person" reporting requirements, constitutes punishment and in Wisconsin, it infringed on inmates "liberty interest.

The petition prevails under newly discovered evidence, plaintiff to have all the deficiencies removed, labled as unconstitutional under Rule 11(B) of signing of pleadings, Motions and other papers; representation to courts.

Plaintiff's allegations and other factural contentions have evidentiary support or if specifically so identified or likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Under Rule 38 vi Trials: Jury trial of right:

(A) Right preserved: The right of trial by jury as declared by the 7th Amendment to the Constitution or as given by a statute of the United States, shall be preserved to the parties inviolate.

(B) Fifting the demand as required by Rule 5d auch demand may be endorsed upon a pleading of the party(s).

Under Wisconsin state statutes §227.10(2):
No agency may promulgate a Rule which conflicts with state law; also see §227.10(3)(C).

Promulgated Rule meaning:
One that states that an inmate has no right to appeal a decision, (DENIED APPEAL BY THE COURTS) AND Quashing your Certiorari to the court by the court by suggestion by the Wisconsin Justice Department.

The Certiorari was filed BECAUSE THERE WAS FALSE INFORMATION LISTED THAT WAS PUT ON THE INMATES RECORD CAUSING DEFICIENCIES, AS TO CONNECTEDNESS, FOR WHICH HARMED, PREJUDICED, THE PLAINTIFF, BEING Hohol.

There is a reasonable probability that had the evidence requested by the plaintiff been disclosed to the plaintiff, the result of the proceeding would have been different in Hohol's case.

13

(1) Wisconsin Supreme Court recognized the right to counsel at the expense under Article Section 7, of the Wisconsin Constitution.
See: Carpenter V. County of Dane, 9 Wis.274 (1859).
(2) Due Process right to a trial: See State V. Johnson, 126 Wis.2d 8,10,374 N.W.2d 637,638,127 Wis.2d 569,383 N.W.2d 62,133 Wis.2d 207,395 N.W.2d 176 (1968).
(3) The right of an indigent defendant to the assistance of counsel in its 1932 decision. See: Powell V. Alabama, 287 U.S.45,53 S.CT.55,77 L.ED.158 (1932).
(4) Article 1, Sec.7, Wis. Const. in all criminal prosecutions, the accused, shall enjoy the right to be heard by himself and counsel.
(5) Fourteenth Amendment: "No state shall...deny to any person...the equal protection of the laws."
(6) First, Sixth, Fourteenth Amendment claims: Access to courts:
 A const. right to meaningful access to the courts, requires access either to an adequate law library or to adequate assistance from people trained in the law: See: Your right to learn in the law and go to court. JLM.#3.

Reversed summary judgment and remanded for district court to address the issue of injunctive relief. There is a protected liberty interest in that appellee corrections officials did not provide him with adequate due process, there were no restricted conditions of a parolee, where they were reasonably related to the advancement of some justifiable purpose of imprisonment.

Substantive issue involves a definition of protected constitutional interest. Liberty interests may arise from two sources, the due process clause itself and the laws of the states.

There was no legitimate penological interest for the state to deny Hohol's rights.

See Federal Rule of Civil Procedure 54(C) every final judgment shall grant the relief to which the party in whose favor it is indeed is entitled, as being Hohol's Cases, even if the party has not demanded such relief in the party's pleadings.

It is the court's duty to grant whatever relief is appropriate in the case on the facts proved. This includes injunctive relief when appropriate and even when not specifically requested.

See State ex rel. Bieser, 2d 702, 295 N.W.2d 179, 181 (Wis.ct.app.1980) and the Greenholz and Allen Cases, agree that Wis. Mandatory release statute creates a protectible liberty interest.

Most construe the pleadings in light most favorable to the plaintiff's favor.

See JENKINS V. McKeithen, 395 U.S., 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).
Appeal, unless plaintiff offers bonafide arguments supporting his/her Appeal. See 28 U.S.C. §1915(A)(3). (Under Cook V. Walders, 2000 U.S. Dist. Lexis 55494) case #09-C-224 06-15-2009. Was for 2nd degree murder and theft, §940.22; §943.20(1)(A).

Plaintiff Hohol's Discussion of the case the State
and Federal Courts proclaimed so as to deny Hohol his
Habeas Corpus Petition:

1. Grennier V. Frank,453 F.3d 492,444 (7th cir.2006) & Ganz V. Bensinger,480
F. 2d 89,90 (7th cir.1973, case no.72-1527- ct.app. 06/11/1973):

The denial of counsel to indigent inmates at a Parole Hearing did not
violate U.S. Const. Amend. XIV.

Hohol has/was not addressing this issue at Id.,in his petition of habeas
corpus,because it did not produce invidious discrimination but in Hohol's
Parole hearing of 05/10/2011,it did produce invidious discrimination upon
Hohol Parole per his claiming innocence of his crime(s) till the day he dies
but this was not mentioned by the State or Federal Court but is in record
in the PAROLE DECISION,DATED 05/10/2011,plus the FACT THAT Hohol stated that
he will not admit his guilt to a crime that he is currently pursuing on this
date at Id.,but he was penalized by stating this,with a 48 month refer on
record for not admiting.

2. Felice V. Fiedler,974 F.2d 1484,1491-92 (7th cir.1992):

Regarding parole decision until MR date and not before:
The claims that Hohol's petition was untimely under §893.735(2).

This is a false statement to deny Hohol of his due process and con-
stitutional rights to deny his Habeas Corpus Petition.Under Felce,plaintiff
Hohol can request for an issue of injunctive relief but under Felice,this
is a case regarding denial to an inmate for not receiving drug injection.

The right of Hohol's case did not contain anything pertaining to a drug
issue.There was no argument by Hohol,but the State and Federal Court has
now violated Hohol's rights as to deny his Habeas Corpus Petition.

3. Case of Mckune V. Kile,535 U.S.24,44 (2002); Pettigrew V. Frank,3:07-CV-
00690-BBC,2008 WL 4265327 (w.d.wis. Jn.28,2008);& State ex rel. Warren V.
Schwarz,219 Wis.2d 615,634,579 N.W.2d 698,707 (1998).(Regarding good time
crelts given,AND ACCEPT responsibility.):

The Court held that the inmate had every right not to be a witness
against himself.The State with held earned time-credits.

In Hohol's cases,there were no judgment of conviction for Hohol to lose
good time-credits or to submit SOP,only to register as a sex offender.Judgment
of 10-31-2002,case oo-CF639 & 81CF390; ALSO the 8th. Amendment right to not

16

incriminate him/herself.

BUT under State V. Iowa Dist. Court, 801 N.W.2d 513, 2011 Iowa Sup. Lexis 47--case 09-0982--07-08-2013 per Justice Mansfield.

HN9: It states that encouraging a convicted sex offender to participate in a sex offender treatment program where he/she has to acknowledge his/her crime(s), also serves important rehabilitation goals. The undisputed purpose of the program is to get the offender to confront his/her past behavior so it does not reccur.

In Hohol's cases, he plead not guilty that he was totally innocent of all chasrges filed against him, from arrest to this date at Id. Wisconsin state used a wrong case to critisize Hohol as there was/is no bearing on his arguments for which were truthful and not in perjury form, thus being incorrect on the State & Federal Court levil that proclaimed.

As the case of losing earned time credits in Wisconsin, Governor Walker already barred this issue, illegally, to all inmates, so as to serve all inmates time oincarcerated by Act 28 & Act 38, thus the Old Time cases, like Hohol's, are fdenied due process of the constitutional laws of Federal & State rights.

In case of Tennard V. Dretke, 542 U.S. 274, 124 S.CT. 2562, 159 L.ED.2d 384 Lexis 45758 case 02-10038--Supreme Court--06-24-2004 decided.
Certificate of appealability;
This was denied to plaintiff Hohol on 03/17/2014 by the State & FEDERAL Courts.
HN2: A certificate of appealability should issue if the appliant has made a substantive showing of the denial of a constitutional right. See 28 U.S.C.S. §2253(c)(2) which the U.S.S.C. has interpreted to require that the petitioner must demonstrate that reasonable jurists would find the distrct court's assessment of the constitutional claims debatable or wrong.
HN7: The 8th Amendment vertually, there are no limits that are placed on the relevant mitigating evidence a capatol defendant may introduce concerning his/her own circumstances.

The Waukesha County Court violated Hohol's rights under 28 U.S.C.§1915 (B)(4). In no event, will a prisoner be prohibited from bringing a Civil Action because he/she has no assets and no means of by which to pay the initial filing fee. Hohol was indeed violated by this rule in June of 2011.

### Relief requested by plaintiff Hohol

Requested relief by plaintiff Hohol, is that the courts decision to deny Hohol's Habeas Corous and/or Hohol's Redress and or Appealability that was also denied, to overcome the plaintiff's new motionpetition and to receive a fair hearing/discussion with all decisions to be applied as to the laws and rights given to the plaintiff with no strings attached and to have the reversal of denial to become favorable to the plaintiff, Hohol.

RESPECTFULLY SUBMITTED,

x *Dennis Lee Hohol*

Dennis Lee Hohol #436152
Redgranite Correctional Institution
P.O. BOX 925
Redgranite, WI 54970-0925
Dated March 26, 2014

An indigent inmate incarcerated against his will because he is innocent